**LAWRENCE C. HERSH**
Attorney at Law
17 Sylvan Street, Suite 102B
Rutherford, NJ  07070
(201) 507-6300
*Attorney for Plaintiff, and all others similarly situated*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| EILEEN GREENE, on behalf of herself and all others similarly situated, | |
| Plaintiff, | Civil Action No. |
| vs. | **CLASS ACTION COMPLAINT AND JURY TRIAL DEMAND** |
| JEFFERSON CAPITAL SYSTEMS, LLC, | |
| Defendant. | |

Plaintiff EILEEN GREENE, on behalf of herself and all others similarly situated (hereinafter "Plaintiff"), by and through her undersigned attorney, alleges against the above-named Defendant JEFFERSON CAPITAL SYSTEMS, LLC, and its employees, agents, and successors, the following:

**PRELIMINARY STATEMENT**

1. Plaintiff brings this action for actual and statutory damages and declaratory and injunctive relief arising from the Defendants' violation of 15 U.S.C. §

1692 *et seq.*, the Fair Debt Collection Practices Act (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. §1331. This is an action for violations of 15 U.S.C. § 1692 *et seq*.

3. Venue is proper in this district under 28 U.S.C. §1391(b) because jurisdiction is not founded solely on diversity of citizenship and Plaintiff resides in this jurisdiction.

## DEFINITIONS

4. As used in reference to the FDCPA, the terms "creditor," "consumer," "debt," and "debt collector" are defined in § 803 of the FDCPA and 15 U.S.C. § 1692a.

## JURY DEMAND

5. Plaintiff demands a jury trial on all issues.

## PARTIES

6. The FDCPA, 15 U.S.C. § 1692 *et seq.*, which prohibits certain debt collection practices provides for the initiation of court proceedings to enjoin violations of the FDCPA and to secure such equitable relief as may be appropriate in each case.

7. Plaintiff is a natural person and resident of Essex County, in the State of New Jersey, and is a "Consumer" as defined by 15 U.S.C. § 1692a(3).

8. Based upon information and belief, Defendant JEFFERSON CAPITAL

SYSTEMS, LLC ("Jefferson Capital") is a Minnesota Limited Liability Company with its principle place of business located at 16 McLeland Road, St. Cloud, MN 56393.

9. Based upon information and belief, Defendant is a company that uses the mail, telephone, and facsimile and regularly engages in business, the principal purpose of which is to attempt to collect debts alleged to be due another. Defendant is a "Debt Collector" as that term is defined by 15 U.S.C. §1692(a)(6).

## CLASS ACTION ALLEGATIONS

10. Plaintiff brings this action as a state wide class action, pursuant to Rule 23 of the Federal Rules of Civil Procedure (hereinafter "FRCP"), on behalf of herself and all New Jersey consumers and their successors in interest (the "Class"), who have received debt collection letters and/or notices from the Defendant which are in violation of the FDCPA, as described in this Complaint.

11. This Action is properly maintained as a class action.

The Class consists of:

- All New Jersey consumers who received communications from Defendant which included the alleged conduct and practices described herein.

- The Class period begins one year prior to the filing of this Action.

12. The Class satisfies all the requirements of Rule 23 of the FRCP for maintaining a class action:

- Upon information and belief, the Class is so numerous that joinder of all members is impracticable because there are hundreds and/or

thousands of persons who have received debt collection letters and/or notices from the Defendants that violate specific provisions of the FDCPA. Plaintiff is complaining of a standard form letter and/or notice that is sent to hundreds of persons (*See* **Exhibits A,** except that the undersigned attorney has, in accordance with Fed. R. Civ. P. 5.2 partially redacted the financial account numbers in an effort to protect Plaintiff's privacy);

- There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual Class member. These common questions of law and fact include, without limitation:

    a. Whether Defendants violated various provisions of the FDCPA.

    b. Whether Plaintiff and the Class have been injured by the Defendants' conduct;

    c. Whether the Defendants were entitled to collect a Returned Check Fee;

    d. Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendants' wrongdoing, and if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and

   e. Whether Plaintiff and the Class are entitled to declaratory and/or injunctive relief.

- Plaintiff's claims are typical of the Class, which all arise from the same operative facts and are based on the same legal theories;

- Plaintiff has no interest adverse or antagonistic to the interest of the other members of the Class;

- Plaintiff will fairly and adequately protect the interest of the Class and has retained experienced and competent attorneys to represent the Class;

- A Class Action is superior to other methods for the fair and efficient adjudication of the claims herein asserted.  Plaintiff anticipates that no unusual difficulties are likely to be encountered in the management of this class action;

- A Class Action will permit large numbers of similarly situated persons to prosecute their common claims in a single forum simultaneously and without the duplication of effort and expense that numerous individual actions would engender. Class treatment will also permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein.  Absent a Class Action, class members will continue to suffer losses of statutory protected rights as well as monetary damages.  If the Defendants' conduct is allowed to proceed

> without remedy it will continue to reap and retain the proceeds of its ill-gotten gains;
>
> - Defendants have acted on grounds generally applicable to the entire Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

## **FACTUAL ALLEGATIONS**

13. Plaintiff was at all times with respect to this lawsuit a "consumer" as that term is defined by 15 U.S.C. §1692a(3)

14. On or before November 29, 2019, Plaintiff allegedly incurred a debt ("the Debt") related to a Premier Bankcard MasterCard issued by First Premier Bank.

15. The Debt arose out of a transaction in which money, property, insurance or services, which were the subject of the transaction, and were primarily for personal, family or household purposes.

16. The Debt obligation is a "debt" as defined by 15 U.S.C. § 1692a(5).

17. At some point in time prior to November 29, 2019, the Debt was assigned by First Premier Bank to Defendant for purposes of collection.

18. At the time the Debt was assigned to First Premier Bank for purposes of collection, the Debt was in default.

19. On or about November 29, 2019, Defendant sent Plaintiff a collection letter seeking to collect $1,110.70 related to the defaulted First Premier Bank credit card account. A copy of the November 29 collection letter is attached as Exhibit A.

20. The Collection Letter deceptively presents itself as time sensitive opportunity for Plaintiff to apply for and get accepted into Defendant's"Payment Rewards Program." Yet, the Payment Rewards Program is nothing more than a cloaked offer to settle the outstanding debt for approximately 50% of the Amount of the debt.

21. Additionally, the Collection Letter also purportedly offers Plaintiff to

22. The Collection Letter offered Plaintiff a "carrot" that if she successfully completes the "Payment Rewards Program", she is also all but assured to receive a new credit card from Defendant's unidentified "banking partner."

23. Furthermore, Defendant characterizes the new credit card as being exclusive, since it is only available to those of made all of the payments under the Payment Rewards Program.

24. However, in order to obtain settlement of the debt for 50% of the Amount Due, Plaintiff must respond by sending in a "Participation Form" in which she "enrolls" in the program. As part of the acceptance in the Program, Plaintiff must:

> also agree that Jefferson Capital may communication with me (for any lawful reason relating to my account, including debt collection) by electronic means using any electronic mail address or wireless cellular telephone that I provide to Jefferson Capital (including ported landline numbers) and/or automatic dialing and announcing devices which may play recorded messages. I further agree that no such electronic communications will be deemed unsolicited.

25. By agreeing to accept Defendant's offer to pay off the debt at 50%, the least sophisticated consumer has unwittingly agreed to waive its rights to not receive robo and other calls which are prohibited under the Telephone Consumer Protection Act ("TCPA").

26. Furthermore, the terms of the Program Acceptance Language also overshadow Plaintiff's debt validation rights under section 1692g of the FDCPA, since it

7

purports to give Defendant unlimited rights to contact the consumer by any means it deems fit.

27. The Collection Letter falsely states or implies that the respective settlement offer is valid only if Plaintiff responds before January 3, 2019, since the letter says "LetterExpires 1/03/2019"

28. Based upon information and belief, Defendant had authority from First Premier Bank to settle debts for approximately 50% of the amounts owed, or less at any time.

29. Statements indicating that Plaintiff should respond before January 3, 2019 or that the letter expires on January 3, 2019 are false and/or misleading because the offer is available at any time and creates a false sense of urgency for Plaintiff to response.

30. While he Collection Letter includes the "safe harbor" language, "We are not obligated to renew this offer. See Evory v. RJM Acquisitions Funding L.L. C., 505 F.3d 769, 776-6 (7th Cir. 2007), it does so at the very bottom of the over-sized letter in a font that is smaller than almost the rest of the letter. Furthermore, the safe harbor language is not included in the body of the letter, but rather is incorporated in to the "Participation Form" which is to be returned by the consumer to Defendant upon acceptance into the program

31. Upon information and belief, the deadline in the Collection Letter to respond to the settlement offer is a sham, since there is no actual deadline and the sole purpose of the purported deadline is to impart in the consumer a false sense of urgency.

32. Additionally, the Collection Letter falsely states or implies that the completion of the Payment Rewards Program will automatically result in the consumer being eligible to receive a new credit card.

33. Yet, the Collection Letter fails to state the name of the "bank partner" or the bank issuing the credit card.

34. Additionally, the back of the Collection Letter contains a "Program Satisfaction Guarantee" which purports to allow the consumer to request a refund of any payments made after the first payment is made. Yet, the last sentence of the guarantee paragraph states the guarantee is valid for 30 days after completion of making all the payment. Such language is contradictory, confusing and deceptive.

35. Furthermore, the back side of the Collection Letter contains a "summary of Credit Terms" for the credit card that is to be offered by Defendant's banking partner. Yet, the specific terms of credit indicate that Defendant is the actual bank issuing the credit card by its repeated use of the term, "we".

36. First the credit terms state, "**We** will begin charging interest on cash advances and balance transfers" (emphasis added).

37. Second, the credit terms state, "**We** will not charge you any interest on purchases if you pay your entire balance by the due date each month." (emphasis added).

38. Third, the credit terms state, "How **We** will Calculate Your Balance." (emphasis added)

39. Fourth, the credit terms stats, "… **we** will verify your ability to pay which may include requesting you to provide proof of income." (emphasis added)

40. The repeated use of the term "we" in the Summary of Credit terms" falsely implies that Jefferson issues the credit card, rather than a third-party bank, which the letter also implicates

41. Furthermore, based upon information and belief Jefferson does not have the authority to approve the application for the new credit card. Rather, the issuing bank would make the final decision and can accept or reject an application, even if the consumer has completed the Payment Reward Program.

42. The Collection Letter is false and/or misleading in that leads the least unsophisticated consumer to believe that payment and completion of the Payment Rewards Program will result in approval for a credit card when, in reality, it will not.

43. Such false statements are material false statements, as they impart in the least sophisticated consumer a false belief that he or she will receive a credit card for participation in the Payment Rewards Program.

44. The Debt of Plaintiff was related to purchases for personal, family or household items.

45. Plaintiff suffered injury in fact by being subjected to the unfair and abusive practices of Defendant.

46. Plaintiff suffered actual harm by being the target of Defendant's misleading debt collection communications.

47. Defendant violated Plaintiff's rights not to be the target of misleading debt collection communications.

48. Defendant violated Plaintiff's right to a trustful and fair debt collection

process.

49. Defendant's communications were designed to cause Plaintiff to suffer a harmful disadvantage in charting a course of action in response to Defendant's collection efforts.

50. Defendant's Collection Letter which provided confusing, incomplete and/or incorrect information caused Plaintiff a concrete injury in that Plaintiff was deprived of her right to receive accurate and trustworthy information regarding her rights under the FDCPA.

51. Defendant's communications were designed to cause Plaintiff to suffer a harmful disadvantage in charting a course of action in response to Defendant's collection efforts.

52. The FDCPA ensures that consumers are fully and truthfully apprised of the facts and of their rights, the act enables them to understand, make informed decisions about, and participate fully and meaningfully in the debt collection process. The purpose of the FDCPA is to provide information that helps consumers to choose intelligently. The Defendants' false representations misled the Plaintiff in a manner that deprived Plaintiff of his or her right to enjoy these benefits.

53. As a result of Defendant's conduct, Plaintiff suffered an actual, concrete injury as a result of Defendant's failure to provide Plaintiff information required under the FDCPA.

54. Plaintiff's receipt of a collection letter which provided incorrect, incomplete and confusing information constitutes a concrete injury.

55. The failure of Defendant to provide correct information impeded

Plaintiff's ability to make a well-reasoned decision.

56. Defendant's failure to provide accurate information injured Plaintiff in that it impacted her ability to decide on how to proceed with respect to the matter.

57. The deceptive communications additionally violated the FDCPA since they frustrated Plaintiff's ability to intelligently choose his or her response.

58. On information and belief, Defendants sent written communications, in the form annexed hereto as Exhibits A to at least 30 natural persons in the State of New Jersey.

## COUNT ONE

### (Fair Debt Collection Practices Act Violation)

59. Plaintiff repeats the allegations contained in paragraphs 1 through 58 as if the same were set forth at length.

60. Defendants violated 15 U.S.C. § 1692 et seq. of the FDCPA in connection with its communications sent to Plaintiff.

61. Defendants violated 15 U.S.C. § 1692e of the FDCPA by using false, deceptive or misleading representations or means in connection with an attempt to collect a debt from Plaintiff.

62. Defendants violated 15 U.S.C. 1692e(5) of the FDCPA by threatening to take any action that cannot legally be taken or that is not intended to be taken.

63. Defendants violated 15 U.S.C. § 1692e(10) of the FDCPA by using false representation or deceptive means to collect or attempt to collect a debt from Plaintiff.

64. Defendants violated 15 U.S.C. §1692f of the FDCPA by using unfair or unconscionable means to collect or attempt to collect a debt.

65. Defendants violated 15 U.S.C. §1692g(b) by engaging in collection activity which overshadows or is inconsistent with the consumer's right to dispute the debt.

**WHEREFORE**, Plaintiff, on behalf of herself and others similarly situated, demands judgment against Defendants as follows:

(a) Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative and attorney Lawrence Hersh, Esq., as Class Counsel;

(b) Awarding Plaintiff and the Class maximum statutory damages;

(d) Awarding pre-judgment interest;

(e) Awarding post-judgment interest;

(f) Awarding reasonable attorneys' fees, costs and expenses; and

(g) Awarding Plaintiff and the Class such other and further relief as the Court may deem just and proper.

Dated:   November 29, 2019                     Respectfully submitted,

> By: s/ Lawrence C. Hersh
> Lawrence C. Hersh, Esq.
> 17 Sylvan Street, Suite 102B
> Rutherford, NJ  07070
> (201) 507-6300
> *Attorney for Plaintiff, and all others similarly situated*

## **CERTIFICATION PURSUANT TO LOCAL RULE 11.2**

I, Lawrence C. Hersh, the undersigned attorney of record for Plaintiff, do hereby certify to my own knowledge and based upon information available to me at my office, the matter in controversy is not the subject of any other action now pending in any court or in any arbitration or administrative proceeding.

Dated: November 29, 2019                    By: s/ Lawrence C. Hersh
                                                Lawrence C. Hersh, Esq.

EXHIBIT A

 164 McLeland Rd
St. Cloud, MN 56303

**Payment Rewards Program**
www.paymentrewardsprogram.com
1-866-290-2838 English and Español
M-TH 8AM to 6PM CST | FRI 8AM to 4PM CST

EILEEN GREENE

This letter is regarding the debt outlined below:

Description: First Premier Bank
Premier Bankcard MasterCard
Account Number: ██████\*\*\*\*\*\*5942
Chargeoff Date: 04/12/2015
Original & Current Creditor: First Premier Bank
Amount of the Debt: $1100.70

11/29/2018

Dear EILEEN GREENE,

**The Payment Rewards Program ("Program") could help you satisfy your outstanding balance.** Your above referenced debt has been referred by your current creditor, First Premier Bank, to us, Jefferson Capital Systems, LLC, ("Jefferson Capital") for collection. If you choose the Program as an option for resolution of your account outlined above, you can make low monthly payments and qualify for a Debt Reduction Credit.

If you successfully complete the payment plan below, you will become eligible to apply for the Program's bank-issued unsecured credit card. Details on the credit card, including the qualification criteria and applicable interest rates, fees, and terms for new purchases and cash advances, are on the reverse side of this letter. Please note that the opportunity to apply for a credit card is completely optional and voluntary and available only as a reward for completion of the Program. You may choose the payment plan option below even if you are not interested in receiving the credit card offer.

Here's how it works in 3 simple steps!

| | | | |
|---|---|---|---|
| 1 | Choose to participate in the Program | Take: Program Balance: | $1100.70 |
| 2 | ~~Pay us at least $552.00 within 12 months. Complete your payments to~~ qualify in one lump sum or make minimum monthly payments of $46.00 over 12 months. | Less: Total payment to Qualify: | -$552.00 |
| 3 | Once you have paid the Total Payment to Qualify Amount, you will receive a Debt Reduction Credit of $548.70. | Less: Debt Reduction Credit: | -$548.70 |
| | | Leaves: Remaining balance | =$0.00 |

**Sign up!** It's easy to participate. Read Program Acceptance below. If you agree, simply return the participation form below, or visit www.paymentrewardsprogram.com or call us at 1-866-290-2838 to sign up.

Yours Sincerely,
*Jefferson Capital Systems, LLC*

**Please respond to this debt solution Program on or before 01/03/2019.**

---

**THIS COMMUNICATION IS FROM A DEBT COLLECTOR AND IS AN ATTEMPT TO COLLECT A DEBT.
ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.
SEE REVERSE SIDE FOR IMPORTANT INFORMATION.**

**Sign up!** It's easy to participate. Read Program Acceptance below. If you agree, simply return the participation form below, or visit www.paymentrewardsprogram.com or call us at 1-866-290-2838 to sign up.

Yours Sincerely,

*Jefferson Capital Systems, LLC*

**Please respond to this debt solution Program on or before 01/03/2019.**

Case 2:19-cv-20895-KM-ESK   Document 1   Filed 11/29/19   Page 17 of 19 PageID: 17

```
THIS COMMUNICATION IS FROM A DEBT COLLECTOR AND IS AN ATTEMPT TO COLLECT A DEBT.
ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.
SEE REVERSE SIDE FOR IMPORTANT INFORMATION.
```

1) **Return** the **participation form below** in the pre-paid envelope provided
2) **Visit www.paymentrewardsprogram.com** or
3) **Call 1-866-290-2838**

**Participation Form**

Return this Participation Form in the enclosed envelope.

LetterExpires 01/03/2019

Invitation Reference No. ▮▮▮▮▮▮3989

**I want to participate!** I will make payments as follows *(please check one box below):*
☐ The Payment to Qualify of $552.00     ☐ 12 monthly installments of $46.00

Current Address: *if different from the address printed to the right, please update on reverse side.*

| Home Phone | Work Phone | Mobile Phone |
|---|---|---|
| ( ) | ( ) | ( ) |

Email Address

EILEEN GREENE

**Program Acceptance:** By enrolling in the program and making a timely first payment: I voluntarily ask to resolve my debt through the Payment Rewards Program. I have read the **Notice of Important Information.** I understand that **this is an attempt to collect a debt**, and that I must make all required payments before qualifying for the Debt Reduction credit. I understand that my participation in the Program begins with my timely first payment. After I make my first on time payment my debt will be transferred to a new account with Jefferson Capital. To ensure that I receive quality service and for training purposes, I agree that Jefferson Capital may select phone calls for monitoring and/or recording. I also agree that Jefferson Capital may communicate with me (for any lawful reason relating to my account, including debt collection) by electronic means using any electronic mail address or wireless cellular telephone number that I provide to Jefferson Capital (including ported landline numbers) and/or by automatic dialing and announcing devices which may play recorded messages. I further agree that no such electronic communications will be deemed unsolicited.

NOTE: This Program is not valid for non-U.S. residents, or residents of Illinois, Indiana, Massachusetts, Maine, Rhode Island, West Virginia, or Wisconsin. This payment plan offer does not affect your rights to dispute the debt in accordance with the important information on the reverse side. We are not obligated to renew this offer.

## NOTICE OF IMPORTANT INFORMATION

**RIGHT TO DISPUTE:** Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid.

If you notify this office in writing within 30 days after receiving this notice that you dispute the validity of this debt or any portion of it, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification.

If you request of this office in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor if different from the current creditor.

**Program Satisfaction Guarantee:** If you begin the Program by making your first timely payment and subsequently decide to end your participation for any reason, upon your request, you may end your participation and receive a full refund of all payments that you have made toward your Program Balance. To end your participation, please call us at 1-800-542-6516 or write to us at 16 McLeland Road, Dept. C, St. Cloud, MN 56303. After you notify us, we will (1) arrange for the return of all payments made toward your Program Balance; (2) Jefferson Capital reserves the right to collect the Program Balance and you will be responsible for making payment arrangements on the Program Balance (3) If you have already qualified for and received a credit card account, we will arrange to have that account closed. You will remain responsible for any purchase or cash advance transactions on your credit card account, along with any associated finance charges and fees for the credit card account. This guarantee is valid for 30 days after you complete your Total Payment to Qualify.

### SUMMARY OF CREDIT TERMS (FOR OPTIONAL REWARD CARD)

This summary is provided for informational purposes only. This card is only available for completion of the Payment Rewards Program.

| Interest Rates and Interest Charges | |
|---|---|
| **Annual Percentage Rate (APR) for Purchases** | **19.99%** |
| **APR for Cash Advances and Balance Transfers** | 21.99% |
| **Penalty APR and When it Applies** | **24.99%** This APR may be applied to your account if you do not pay the required minimum payment by its due date for two consecutive billing cycles. **How long will the Penalty APR apply?** If your APRs are increased for the reason stated above, the Penalty APR will apply until you make six consecutive minimum payments when due. |
| **Paying Interest** | Your due date is at least 25 days after the close of each billing cycle. We will not charge you any interest on purchases if you pay your entire balance by the due date each month. We will begin charging interest on cash advances and balance transfers (other than a Special Balance Transfer, which is not subject to interest) on the transaction date. |
| **Minimum Interest Charge** | If you are charged interest, the charge will not be less than $2.50. |
| **For Credit Card Tips from the Consumer Financial Protection Bureau** | To learn more about factors to consider when applying for or using a credit card, visit the website of the Consumer Financial Protection Bureau at http://www.consumerfinance.gov/learnmore/ |
| Fees | |
| **Introductory Annual Fee** **Regular Annual Fee** | **None** (Initial 1 year from card issuance date) **$45** (After 1 year from card issuance date) |
| **Transaction Fees** • Cash Advance • Foreign Transaction | Up to **5%** of the amount of each cash advance (maximum fee; **$50**); **1%** of each foreign transaction in U.S. dollars |
| **Penalty Fees** • Late Payments • Returned Payment | Up to **$25** Up to **$25** |

**How We Will Calculate Your Balance:** Our bank partner uses a method called "average daily balance (including new purchases).
**Paying Interest:** Your due date is at least 25 days after the close of each billing cycle. We will not charge you any interest on purchases if you pay your entire balance by the due date each month. There is no time period within which to avoid finance charges on Cash Advances.
**Change in Credit Card Terms:** The available terms and conditions provided in this Summary of Credit Terms will not change for a period of twelve (12) months after any card is issued to you.
**Credit Card Issuance Eligibility:** Upon paying the Total Payment to Qualify, eligibility for a credit card is subject to identity verification and an affordability check, which is a check to confirm your ability to make any required minimum payments on the credit card. If the Total Payment to Qualify is made, and if the identification verification and affordability check requirements are met, you will be issued a credit card. For CARD Act Compliance, we will verify your ability to pay which may include requesting you to provide proof of income.
**Credit Limit:** Your Credit limit will be $500.00. Our bank partner does not accept any requests for increases in Credit Limits, but you may request a decrease in your Credit Limit at any time.

| | |
|---|---|
| | on cash advances and balance transfers (other than a Special Balance Transfer, which is not subject to interest) on the transaction date |
| **Minimum Interest Charge** | If you are charged interest, the charge will not be less than $2.50. |
| **For Credit Card Tips from the Consumer Financial Protection Bureau** | To learn more about factors to consider when applying for or using a credit card, visit the website of the Consumer Financial Protection Bureau at http://www.consumerfinance.gov/learnmore/ |
| **Fees** | |
| **Introductory Annual Fee**<br>**Regular Annual Fee** | **None** (Initial 1 year from card issuance date)<br>**$45** (After 1 year from card issuance date) |
| **Transaction Fees**<br>• Cash Advance<br>• Foreign Transaction | Up to **5%** of the amount of each cash advance (maximum fee; **$50**);<br>**1%** of each foreign transaction in U.S. dollars |
| **Penalty Fees**<br>• Late Payments<br>• Returned Payment | Up to **$25**<br>Up to **$25** |

**How We Will Calculate Your Balance:** Our bank partner uses a method called "average daily balance (including new purchases).
**Paying Interest:** Your due date is at least 25 days after the close of each billing cycle. We will not charge you any interest on purchases if you pay your entire balance by the due date each month. There is no time period within which to avoid finance charges on Cash Advances.
**Change in Credit Card Terms:** The available terms and conditions provided in this Summary of Credit Terms will not change for a period of twelve (12) months after any card is issued to you.
**Credit Card Issuance Eligibility:** Upon paying the Total Payment to Qualify, eligibility for a credit card is subject to identity verification and an affordability check, which is a check to confirm your ability to make any required minimum payments on the credit card. If the Total Payment to Qualify is made, and if the identification verification and affordability check requirements are met, you will be issued a credit card. For CARD Act Compliance, we will verify your ability to pay which may include requesting you to provide proof of income.
**Credit Limit:** Your Credit limit will be $500.00. Our bank partner does not accept any requests for increases in Credit Limits, but you may request a decrease in your Credit Limit at any time.

**CHANGE OF ADDRESS**

Address                                                                 APT/Lot #

City                                                          ST        Zip Code